IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEMETRIUS K. BRASHEAR,   No. 2:14-cv-2136-CMK-P

    Petitioner,

  vs.   ORDER

FOULK, et al.,

    Respondents.

_____/

    Petitioner, a state prisoner proceeding with counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

    Petitioner seeks leave to proceed in forma pauperis.  Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor.  The request will be granted.

    Also pending before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).  Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief.

This court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Principles of comity and federalism require that this court abstain and not entertain Petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. See id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)).

In his petition, petitioner makes it clear he is still waiting trial on new charges for murder of an inmate. He makes no showing of any "special circumstances" warranting federal intervention before the trial is held and any appeal is completed. See id. He seems to question the evidence being used against him, as well as the culpability of the prison staff and medical staff. However, the allegations regarding the sufficiency of the evidence against him, and the staff's reaction to and/or responsibility for the death of the inmate, are issues best left to the trial court. Thus, there is no sufficient showing of harassment or bad faith on the facts submitted in the petition. In addition, petitioner makes it clear that he has not even attempted to exhausted his state court remedies as to any of his claims.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed, without prejudice. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to

prosecute and comply with court rules and orders.  <u>See</u> Local Rule 110.  If petitioner agrees that this action should be dismissed without prejudice to renewal following exhaustion of his claims in state court, he should file a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted; and

2. Petitioner shall show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed.

DATED:  November 18, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE